FILED
June 17, 2021
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0171, *C.C. and J.C. as next friends of M.C. v. Harrison County Board of Education.*

**Armstead, Justice, concurring in part and dissenting in part:**

As stated by the majority, and as confirmed by Petitioners during oral argument in this matter, the Petitioners do not assign error to the dismissal of several counts of their Complaint and have narrowed the focus of their appeal to their claims contained in Counts 5 and 6 of their Complaint. To the extent the majority reverses the circuit court's dismissal of Petitioners' negligence *per se* claims contained in Count 5 of the Complaint and reverses the circuit court's dismissal of Petitioners' negligent retention claims contained in Count 6 of the Complaint, I respectfully dissent.

As an initial matter, I believe that the conduct displayed by the Assistant Principal in this matter was certainly inappropriate. With this fact in mind, I am perplexed that the Petitioners did not name the Assistant Principal as a party in this matter. Certainly, any party may choose to name, or decline to name, any party in civil litigation, and such decisions are certainly within the purview of the respective client and his or her legal counsel. It is not for this Court to second guess those decisions. However, by naming only the Harrison County Board of Education ("Board"), Petitioners must accept that the ability to prove their case against the Board may be governed by different statutory and common law standards.

1

With respect to Count 5, I believe that the majority is correct in finding that the Board is entitled to immunity for Petitioners' claims that it failed to adopt an anti-harassment policy as required by West Virginia Code section 18-2C-3 or if it had adopted such a policy, its policy was inadequate. Such claims clearly fall within the scope of "failure to adopt a … written policy" and "[a]doption … [of] a … written policy[.]" for which immunity is provided in W. Va. Code § 29-12A-5(a)(4). However, I disagree with the majority's conclusion that the circuit court erred by dismissing Count 5. In reaching such conclusion, the majority finds that certain of Petitioners' allegations assert negligence claims that are not subject to immunity, namely the allegations that "Defendant [the Board] was negligent *per se* in that the actions of its employee [the Assistant Principal] were the exact type of atrocious, inexcusable actions that W. Va. Code § 18-2C-1 *et seq.* was intended to prevent" and "Defendant [the Board] breached its duty by failing to immediately act to address and remedy this situation."

The majority proceeds to state, in its attempt to distinguish these allegations from those it has already deemed subject to the immunity provisions of W. Va. Code § 29-12A-5(a)(4), that "these allegations sound in negligence and complement the allegations that the Board negligently retained the Assistant Principal once it became aware of his conduct set forth in Count 6 of the Petitioners' complaint."

I believe the majority's conclusion in this regard is wrong for a number of reasons. First, in support of its decision to reinstate this particular claim, the majority correctly notes that the four basic elements of a negligence claim are duty, breach,

2

causation, and damages. However, as the majority proceeds to outline how the Petitioners' allegations meet these elements, it clearly states that "[i]n support of their claim of negligence per se, the Petitioners alleged the Board *had a duty to the student to adopt an anti-harassment policy*. . ." (Emphasis added). Thus, the duty asserted by the Petitioners, and relied upon by the majority, is the *duty to adopt* an anti-harassment policy. The allegation that the Board breached this duty to adopt a policy clearly brings this claim under the umbrella of immunity pursuant to the express language of W. Va. Code § 29-12A-5(a)(4). The alleged breach of such duty, which is entitled to immunity, should not result in the reinstatement of this particular claim.

Moreover, the majority alleges that "other conduct" alleged in support of Petitioners' negligence per se claim does not involve either the failure to adopt or the adoption of a policy. However, such allegations do not warrant reversal of the circuit court's dismissal of the negligence per se claim. As stated above, the majority finds that the Petitioners' allegations "sound in negligence and complement the allegations that the Board *negligently retained* the Assistant Principal once it became aware of his conduct set forth in Count 6 of the Petitioners' complaint." (Emphasis added). This finding appears designed to bootstrap these allegations to the one and only allegation within Count 6, negligent retention, that the majority allows to proceed to trial.

However, I believe the allegations that the Board breached its duty by "failing to act to address and remedy this situation" do not sound in negligent retention, as the majority asserts, but instead allege a negligent supervision claim, similar to that which

3

the majority finds was properly dismissed in Count 6. The Petitioners allege that the Board was negligent *per se* "in that the actions of its employee" violated its policy and the Board breached a duty to Petitioners by "failing to immediately act to address and remedy this situation." Petitioners assert liability on the part of the Board due to its alleged failure *"to act"* to address the Assistant Principal's conduct, a responsibility that goes to the core of an employer's ***supervisory*** role to take disciplinary or corrective action when the offending conduct occurs. Such allegations do not go to the Board's earlier decision to renew the Assistant Principal's contract which had already taken place.

The majority correctly determined, in regard to the negligent supervision claims asserted by the Respondents in Count 6 that "because all of the acts alleged to have been committed by the Assistant Principal were comprised of intentional conduct, the circuit court correctly ruled that the Petitioners had not made the requisite predicate showing of the Assistant Principal's negligence to support a claim of negligent supervision by the Board and that their claim in this regard should be dismissed." In support of this finding, the majority cites this Court's holding in *Taylor v. Cabell Huntington Hosp. Inc.,* 208 W. Va. 128, 538 S.E.2d 719 (2000)[ (per curiam) ] that "[t]he . . . claim of negligent supervision must rest upon a showing that the [employer] failed to properly supervise [its employee] and, as a result, [the employee] committed a negligent act which proximately caused the appellant's injury." *Id.* at 134, 538 S.E.2d at 725. The holding in *Taylor* seems equally applicable to the Petitioners' negligence *per se* claims in Count 5.

4

Finally, even if the Petitioners' negligence *per se* claims could be read to go beyond the scope of allegations that the Board was negligent in either its adoption or failure to adopt a non-harassment and bullying policy, the language pointed to by the majority as evidence that the Petitioners' negligence *per se* claim should not be dismissed specifically point to the responsibility's discussed in W. Va. Code § 18-2C-1. Specifically, as discussed by the majority, Petitioners allege that "Defendant was negligent *per se* in that the actions of its employee Mr. Livengood were the exact type of atrocious, inexcusable actions that W. Va. Code § 18-2C-1 *et* seq. was intended to prevent." See Complaint ¶ 68.

However, the circuit court correctly held that:

> [S]ections 18-2C-1 and 18-2C-3(b) impose merely a **responsibility** on the HCBOE [Board], but not an express liability. Therefore, because "[l]iability shall not be construed to exist under another section of this code merely because a responsibility is imposed upon a political subdivision," the HCBOE is precluded from liability to Plaintiffs under the code. W. Va. § 29-12A-4(c)(5). Therefore, count five (5) alleging negligence *per* se is dismissed because the HCBOE cannot be liable to the Plaintiffs under sections 29-12A-5(a)(4) and 29-12A-4(c)(5).

The circuit court did not err in its finding in this regard. Indeed, W. Va. Code § 18-2C-1 does not establish express liability but instead recites "Legislative Findings," stating:

> **§18-2C-1. Legislative findings.**
>
> The Legislature finds that a safe and civil environment in school is necessary for students to learn and achieve high academic standards. The Legislature finds that harassment, intimidation or bullying, like other disruptive or violent behavior, is conduct that disrupts both a student's ability to

> learn and a school's ability to educate its students in a safe, nonthreatening environment.
>
> The Legislature further finds that students learn by example. The Legislature charges school administrators, faculty, staff and volunteers with demonstrating appropriate behavior, treating others with civility and respect, and refusing to tolerate harassment, intimidation or bullying.

W. Va. Code § 18-2C-1. The provisions of W. Va. Code § 18-2C-3(b) list provisions that should be included in an anti-harassment policy. Neither of these statutory provisions create the type of "liability" that must be "expressly imposed" in order to warrant an exemption from the immunity provisions of W. Va. Code § 29-12A-4(c)(5). The clear language of W. Va. Code § 29-12A-4(c)(5) provides:

> In addition to the circumstances described in subsection (c)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to persons or property when *liability is expressly imposed upon the political subdivision* by a provision of this code. *Liability shall not be construed to exist under another section of this code merely because a responsibility is imposed* upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued.

W. Va. Code § 29-12A-4(c)(5) (Emphasis added). By merely citing the "responsibilities" imposed by W. Va. Code § 18-2C-1 *et seq.*, the Petitioners have failed to allege an "expressly imposed" statutory duty that gives rise to liability on the part of the Board. Indeed, the Petitioners acknowledged such requirement in their response to the Board's Motion to Dismiss, when they stated that "[a] litigant may pierce the shield of qualified immunity by showing a government official has violated a clearly established statutory or

6

constitutional right." Accordingly, the Board is immune from liability for the allegations contained in Count 5 pursuant to W. Va. Code § 29-12A-4(c).

Therefore, I believe the Petitioner's negligence *per* se claim in Count 5 is not only based on the adoption or failure to adopt a policy, which renders the Board immune from such claims pursuant to W. Va. Code § 29-12A-5(a)(4), it further constitutes a reiteration of Petitioners' negligent supervision claim. Moreover, even if its allegations go beyond a claim for the adoption or failure to adopt a policy, it still only alleges a "responsibility" on the part of the Board, rather than an "expressly imposed" liability. The Board is, therefore immune from liability for the allegations set forth in Count 5. Accordingly, I believe Count 5, too, must be dismissed.

With respect to Count 6, the majority is correct in affirming the dismissal of Petitioners' claims for negligent hiring and negligent supervision for the reasons set forth in the majority's opinion. However, I further believe that the circuit court was also correct in dismissing Petitioners' claim for negligent retention.

This Court's decision in *McCormick v. W. Va. Dep't of Pub. Safety*, 202 W. Va. 189, 503 S.E.2d 502 (1998), as was cited by the circuit court, identifies the relevant burden a plaintiff bears in a negligent retention case. Specifically, *McCormick* states that:

> [T]he inquiry upon which liability for negligent hiring or retention should be determined is: "when the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background *vis a vis* the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? ***Should the employer have***

> *reasonable foreseen the risk caused by hiring or retaining an unfit person?*"

*Id*. at 193, 503 S.E.2d 502, 506 (1998) (Emphasis added).

At the outset I note that the majority concedes that liability for negligent retention may only be imposed when an injury occurred as a result of an employer's retention of an "unfit employee" and such risk of injury was reasonably foreseeable to the employer. In its analysis of the foreseeability issue, the majority simply states that Respondent could have foreseen the possibility of additional confrontations by the Assistant Principal after the bathroom encounter.

The Complaint states that the restroom incident occurred on November 27, 2018. The concession stand incident is alleged to have occurred on December 6, 2018. Moreover, the record reflects that, following the bathroom incident in November 2018, one or more meetings took place between school system officials and the Respondents. According to the Petitioners' complaint, following a meeting on January 11, 2019, Superintendent Mark Manchin agreed to "[e]nsure an environment exists" where the Assistant Principal would "have little or no interaction with" the [student]. Finally, the Complaint alleges that the Board voted not to renew the Assistant Principal's contract during the week of March 20, 2019, and "soon after" reversed that decision and renewed his contract. The renewal of the Assistant Principal's contract, which appears to give rise to the Respondent's negligent retention claim, was made subsequent to the January 11, 2019 agreement.

8

Reviewing the Petitioners' Complaint, I agree with the circuit court's determination that the Petitioners "have alleged intentional conduct only" on the part of the Assistant Principal" and "fail to allege sufficient facts to support a negligent retention claim against the HCBOE [Board]." In reinstating Petitioners' negligent retention claim, the majority's reliance upon allegations of the Assistant Principal's presence in the cafeteria of the school at which he is employed is misplaced. As the circuit court correctly held, Petitioners fail to assert any allegation that the Assistant Principal interacted with the student following his retention. The allegation that the Assistant Principal appeared in the lunchroom "to further intimidate, harass and bully M.C.," is conclusory in nature and not supported by any allegation of specific conduct in which he engaged, other than his mere presence, that constituted intimidation, harassment or bullying. In fact, there were no allegations that the Assistant Principal conversed with or had interaction with the student, or that he engaged in the type of conduct that was alleged to have occurred in November and December of 2018, prior to the Board's decision to renew his contract. The broad and conclusory allegations contained in Petitioners' negligent retention claim fail to state a claim upon which relief may be granted under W. Va. R.Civ.P. 12(b)(6). This is particularly true where, as here, the Assistant Principal's conduct was intentional and the principles of qualified immunity are implicated.

Because the Petitioners' claims are asserted against the Board, a governmental entity, it is even more crucial that Petitioners' allegations allege a specific duty on the part of the Board. In *R.Q. v. West Virginia Div. of Corrections,* No. 13-1223,

9

2015 WL 1741635 (W. Va. April 10, 2015) (memorandum decision), this Court discussed

the "particularized showing" a plaintiff must make to prevail in an action for negligent

retention, negligent training and negligent supervision against a governmental entity. In

*R.Q.*, the plaintiff, who was incarcerated in a Division of Corrections ("DOC") facility,

alleged sexual misconduct by a correctional officer employed by the DOC. The plaintiff

brought claims against the DOC, *inter alia,* for negligent supervision, negligent training

and negligent retention. Citing this Court's previous holding in *W.Va. Reg'l Jail and Corr.*

*Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014), the Court in *R.Q.* held:

> "the broad categories of training, supervision, and ***employee***
> ***retention***, as characterized by respondent, easily fall within the
> category of 'discretionary' government functions.". . . . [t]o
> prove that a clearly established right has been infringed upon,
> ***a plaintiff must do more than allege that an abstract right has***
> ***been violated***. Instead, the plaintiff must make a
> "particularized showing" that a "reasonable official would
> understand that what he is doing violated that right" or that "in
> light of preexisting law the unlawfulness" of the action was
> "apparent." . . . Petitioner failed to establish what the DOC did
> or failed to do that it would have reasonably understood was
> unlawful with regard to its supervision, retention, and training
> of D.F. [the corrections officer].

*Id*. at 4-5. (Internal citations omitted) (Emphasis added). Accordingly, this Court found

that R.Q. had failed to establish an actionable claim against the DOC for, among other

claims, her claim for negligent retention.[1]

---

[1] As recently as November 2020, this Court held, in *West Virginia Regional Jail and Correctional Facilities Authority v. Grove*, 244 W. Va. 273, 852 S.E.2d 773 (2020), that "[c]ases implicating immunity . . . are subject to a somewhat heightened pleading standard. That is, plaintiffs 'should supply in their complaints or other supporting materials greater factual specificity and particularity than is usually required.'" (Internal quotations omitted).

Respondents have failed to sufficiently assert specific factual claims that, by retaining the Assistant Principal, the Board breached a duty to prevent injury that was reasonably foreseeable conduct. Accordingly, the circuit court did not err in dismissing their negligent retention claim.

---

The Respondents have simply failed to meet the pleading standard set forth in Rule 12(b) of the West Virginia Rules of Civil Procedure, much less the heightened pleading standard discussed in *Grove*.

In *Hutchinson v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996), this Court indicated that when a defendant raises the defense of qualified or statutory immunity, the trial court "must insist on heightened pleadings by the plaintiff." *Id.* at 149, 479 S.E.2d at 149. In such cases, the circuit court should direct that a plaintiff file a "short and plain statement of his complaint" and "***may***, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity." *Id.* at 150, 479 S.E.2d at 660. (Emphasis added). Finally, the *Hutchinson* Court found that "if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings." *Id.*

Respondents in this matter argue that this Court's holding in *Doe v. Logan County Board of Education*, 242 W. Va. 45, 829 S.E.2d 45 (2019), supports their argument that the circuit court's dismissal of their Complaint should be reversed. Significantly, the majority in its opinion in this matter does not rely on or address the holding in *Doe*. Moreover, in oral arguments before this Court in this matter, Petitioners' counsel expressly stated that, while the Respondents request to conduct additional discovery, the Respondents were not seeking to amend their pleadings.

In the present case, the Board filed a Motion to Dismiss based, *inter alia*, on its assertion of immunity under the West Virginia Governmental Tort Claims and Insurance Act. ("Tort Claims Act"). The Respondents filed a detailed response to such motion asserting its position that its claims were not barred by immunity under the heading "There are clear limits to immunity provided to political subdivisions by the West Virginia Tort Claims Act. Plaintiffs' claims against Harrison County Board of Education survive as the acts of its employee were outside the scope of that immunity."

This response would appear to fulfill the requirements set forth in *Hutchinson* that a plaintiff be provided an opportunity to address a defendant's assertion of immunity. Moreover, the record before us does not reflect that Petitioners allege specific error on the part of the circuit court for any alleged failure to provide them the opportunity to amend their pleadings to address the Board's assertion in its Motion to Dismiss that it was immune from Petitioners' claims pursuant to Tort Claims Act.

For these reasons, I believe the circuit court was correct in dismissing Petitioners' Complaint in its entirety. Accordingly, I concur in the majority's opinion insofar as it finds that the Petitioner does not assign error in the circuit court's dismissal of all claims other than those raised in Counts 5 and 6, and that such other Counts are not presently before us. I further concur with the majority's finding affirming the circuit court's dismissal of the negligent hiring and negligent supervision claims asserted in Count 6. I respectfully dissent as to the majority's decision to reverse the circuit court's order dismissing Count 5 of Petitioners' Complaint, and further dissent as to the majority's decision reversing the circuit court's dismissal of Petitioners' negligent retention claim in Count 6 and ordering reinstatement of such claims.